UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| Shaquille Prince,<br><br>    Plaintiff,<br><br>v.<br><br>Sergeant Michael Michienzi #357; Detective Tom Dorsey; Village of Romeoville,<br><br>    Defendants. | No.: 1:19-cv-07265<br>Honorable Judge Robert W. Gettleman<br>Honorable Magistrate Judge Susan E. Cox |

PORTIONS SEALED DOCUMENT PURSUANT TO LR26.2

Portions of this document are being provisionally filed under seal.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| Shaquille Prince,<br><br>    Plaintiff,<br><br>v.<br><br>Sergeant Michael Michienzi #357; Detective Tom Dorsey; Village of Romeoville,<br><br>    Defendants. | No.: 1:19-cv-07265<br>Honorable Judge Robert W. Gettleman<br>Honorable Magistrate Judge Susan E. Cox |

**PLAINTIFF'S COUNSEL'S *EX PARTE* MOTION FOR LEAVE TO WITHDRAW**

  Plaintiff's counsel, Rachael Pontikes, David Hartmann, and Kelly Kearney of Reed Smith LLP (collectively, "Counsel") respectfully submits this *ex parte* motion for leave of Court, under Rule 1.16 of the Illinois Rules of Professional Conduct and this Court's Local Rules 83.38 and 83.50 to withdraw its appearance as counsel for Plaintiff Shaquille Prince in the above-captioned matter (the "Motion"). In support of its Motion, Counsel states the following:

  1. Portions of this Motion are being provisionally filed electronically under seal pursuant to this Court's Local Rule 26.2. As such, portions of the Motion have been redacted.

  2. Plaintiff initially represented himself *pro se* in the above-captioned 42 U.S.C. § 1983 action in December 2019, until he was appointed counsel on December 11, 2019.

  3. Plaintiff currently resides, and has resided at all times Counsel has been appointed, at the DeKalb County Jail (the "Jail").

  4. On January 21, 2020, Counsel mailed Plaintiff an agreement for legal services (the "Engagement Letter") to confirm that Reed Smith LLP has agreed to represent Plaintiff in connection with the above-captioned matter. Counsel requested that Plaintiff acknowledge his agreement with the Engagement Letter by signing the Engagement Letter and mailing it back to Counsel. Counsel included a copy of the Engagement Letter for Plaintiff's records as well as a prepaid return envelope.

  5. When Counsel did not receive back the signed Engagement Letter, Counsel understood it was because Plaintiff had failed to receive it. Counsel therefore coordinated with

the Jail deputies to schedule an in-person interview on March 10, 2020. Counsel intended to bring another copy of the Engagement Letter in order to obtain Plaintiff's signature.

6. On March 9, 2020, the Governor of Illinois issued a disaster proclamation due to the COVID-19 pandemic and proclaimed that a "disaster exists within the State of Illinois." As a result, all in-person interviews with Plaintiff at the Jail were cancelled. In light of Illinois' state of disaster, understanding that Plaintiff was willing to sign the Engagement Letter but was having administrative difficulties, Counsel continued to move forward with the preparation of Plaintiff's case without the signed Engagement Letter, to keep the case moving.

7. In order to find another way to communicate with Plaintiff to amend his complaint during the COVID-19 pandemic, Counsel, with the assistance of opposing counsel, was given contact information for a Jail lieutenant to arrange calls with the Plaintiff.

8. On March 17, 2020, Counsel initiated correspondence with the lieutenant. The lieutenant was able to communicate with Plaintiff and gave Plaintiff Counsel's phone number so that Plaintiff could reach Counsel at any time.

9. [redacted]

10. At all times, despite the absence of a signed Engagement Letter, Counsel kept the case moving, understanding the failure to have an Engagement Letter was an administrative problem based on difficulties of the COVID-19 pandemic.

11. On May 18, 2020, Counsel and opposing counsel filed a joint status report apprising the Court of the status of the case.

12. On June 30, 2020, Counsel filed an amended complaint on behalf of Plaintiff.

13. On July 30, 2020, Counsel and opposing counsel again filed a joint status report apprising the Court of the status of the case thus far.

14. On August 31, 2020 Counsel served Initial Rule 26(a)(1) disclosures, interrogatories, and requests for production on all defendants. Counsel has engaged in several telephone conferences with opposing counsel as well, to keep the case moving.





20. On October 2, 2020, the Court posted to the docket a letter from Plaintiff to the Court asking this Court to advise him regarding Counsel's request for an engagement letter. Plaintiff's letter attached both the Engagement Letter and the Scope Letter, which were intended by Counsel to be privileged communications.



23. Counsel provided Plaintiff with notice of Counsel's intent to file this Motion.



25. Counsel seeks to withdraw under Rules 1.16(b)(3), (b)(4), and (b)(5) of the Illinois Rules of Professional Conduct, which allow for withdrawal when:

> [it] can be accomplished ***without material adverse effect*** on the interests of the client;
> […]
> the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.

IL R S CT RPC Rule 1.16(b)(3)-(5) (emphasis added). Northern District of Illinois Local Rule 83.38 similarly supports Counsel's effort to seek withdrawal. *See* NDIL LR 83.18(3) ("After assignment counsel may move for relief from an order of assignment only on the following grounds or on such other grounds as the assigning judge finds adequate for good cause shown: … ***Some personal incompatibility or a substantial disagreement on litigation strategy exists between counsel and the party***.") (emphasis added).

26. Additionally, Comment 7 to Rule 1.16 provides that "[t]he lawyer has the option to withdraw if it can be accomplished without material adverse effect on the client's interests . . . The lawyer may also withdraw ***where the client insists on taking action*** that the lawyer considers repugnant or ***with which the lawyer has a fundamental disagreement***." IL R S CT RPC Rule 1.16 (emphasis added).

27. Finally, Comment 8 to Rule 1.16 provides that, "[a] lawyer may withdraw if the ***client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation***." IL R S CT RPC Rule 1.16 (emphasis added).

28. Counsel takes this court appointment, like all of its matters, very seriously. Counsel has vigorously represented the interests of Plaintiff since being appointed by this Court. Counsel amended the complaint, put together a robust discovery plan, and devised a detailed case strategy. Further, Counsel has thoroughly and thoughtfully counseled this client. To date, Counsel has billed 269.7 hours to represent Plaintiff in the above-captioned matter.



31. As such, under these circumstances, despite Counsel's very best efforts, it is clear that the attorney-client relationship has been broken, and Counsel is thus compelled to seek withdrawal from this matter.

32. Counsel also request that the Court continue the remaining discovery and status hearing deadlines for at least 30 days to allow Plaintiff to seek replacement counsel or to proceed *pro per*. Counsel will be glad to assist with a smooth transition.

33. Finally, Counsel request the Court place the attachments to Docket No. 53, entered on October 2, 2020, under seal because Plaintiff may not have intended to risk the waiver of attorney-client privilege as to those attachments when he included them in the letter to the Court.

       WHEREFORE, Plaintiff's Counsel respectfully request this Court enter an Order granting leave for Counsel to withdraw their appearance as counsel for Plaintiff, or, if necessary, set an *in camera/ex parte* hearing on this Motion. A proposed Order accompanies this *Ex Parte* Motion For Leave To Withdraw.

Dated: October 12, 2020                      Respectfully submitted,

                                 By: */s/ Rachael G. Pontikes*
                                       Rachael G. Pontikes (SBN 6275709)
                                       Email: rpontikes@reedsmith.com
                                       Kelly J. Kearney (SBN 6327132)
                                       Email: kkearney@reedsmith.com
                                       David T. Hartmann (SBN 6309201)
                                       Email: dhartmann@reedsmith.com
                                       REED SMITH LLP
                                       10 South Wacker Drive
                                       Chicago, IL 60606-7507
                                       Telephone: +1 312 207 1000
                                       Facsimile: +1 312 207 6400

                                       *Counsel for Shaquille Prince*

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that on October 12, 2020, she caused a copy of the foregoing **PLAINTIFF'S COUNSEL'S MOTION FOR LEAVE OF COURT TO WITHDRAW** to be filed with the Court via the Court's CM/ECF System, and served via UPS upon the below parties:

| | |
|---|---|
| Shaquille Prince | G. David Matheus, ARD no. 06293314 |
| Dekalb-DCJ | HERVAS CONDON & BERSANI P.C. |
| 9101190 | 333 Pierce Road, Suite 195 |
| 150 North Main Street | Itasca, IL 60143-3156 |
| Sycamore, IL  60178 | Phone: 630-773-4774; Fax: 630-773-4851 |
| *Plaintiff* | mbersani@hcbattorneys.com |
| | dmathues@hcbattorneys.com |
| | *Attorneys for Defendants* |

Dated:  October 12, 2020        Respectfully submitted,

        By: */s/ Rachael G. Pontikes*
           Rachael G. Pontikes (SBN 6275709)
           Email:    rpontikes@reedsmith.com
           Kelly J. Kearney (SBN 6327132)
           Email:    kkearney@reedsmith.com
           David T. Hartmann (SBN 6309201)
           Email:    dhartmann@reedsmith.com
           REED SMITH LLP
           10 South Wacker Drive
           Chicago, IL  60606-7507
           Telephone: +1 312 207 1000
           Facsimile: +1 312 207 6400
           *Counsel for Shaquille Prince*