UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAQUILLE PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-7265 |
| | ) | |
| vs. | ) | |
| | ) | Honorable Robert W. Gettleman |
| SGT. MICHIENZI #357, et al., | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' REQUESTS OR PRODUCTION OF DOCUMENTS**

TO: Defendants, Sgt. Michael Michienzi #357, Detective Thomas Dorsey and The Village of Romeoville, by and through their attorneys, G. David Mathues and Michael D. Bersani, HERVAS, CONDON & BERSANI, P.C., 333 Pierce Road, Suite 195, Itasca, Illinois 60143-3156.

In accordance with the Federal Rules of Civil Procedure, Plaintiff Shaquille Prince ("Plaintiff" or "Prince") serves these Objections and Responses to Defendants' Requests for Production of Documents.

Respectfully submitted,

By: /s/ Ryan Krone
Jeffery J. Mayer
Bar No. 06194013
jeffery.mayer@akerman.com
AKERMAN LLP
71 S. Wacker Drive, 47th Fl.
Chicago, IL 60606

Ryan C. Krone
Bar No. 24085750
ryan.krone@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard, Suite 2300
Houston, TX 77056
(713) 960-7394 – Telephone
(713) 960-1527 – Fax
ATTORNEYS FOR PLAINTIFF

1

**EXHIBIT C**

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Amended Answers and Objections to Defendants' Requests for Production of Documents was served upon all counsel of record via email on this 11th day of January, 2022.

/s/ Ryan C. Krone
Ryan C. Krone

- 3 -

## DOCUMENTS REQUESTED

1.	All documents and communications referenced, identified, consulted, reviewed or relied upon in preparing Plaintiff's Complaint, answers to interrogatories and Rule 26(a)(1) initial disclosure statement.

RESPONSE:

Plaintiff objects that this request improperly enquires into information protected from disclosure by the attorney-client, work product, and trial preparations privileges.

Subject to and without waiving the foregoing objections, see all documents and communications produced in this lawsuit.

2.	All statements given by Plaintiff to any person or entity other than his attorney relating to matters referenced in the Complaint. This request includes, but is not limited to, statements to investigators and to newspaper, magazine or television news media, sent via text, text-like messaging app, or posted on social media or any other Internet medium.

RESPONSE:

Plaintiff objects that this request improperly enquires into information protected from disclosure by the attorney-client, work product, and trial preparations privileges.

Subject to and without waiving the foregoing objections, none that Plaintiff is aware of at this time.

3.	All documents and communications in which Plaintiff has transcribed or written a summary of events, whether contemporaneously with the incident or after the fact, relating to matters referenced in the complaint. This request includes, but is not limited to, diaries, personal notes and calendars, and any content posted, streamed, or uploaded to any social media app or platform or otherwise to the Internet.

RESPONSE:

Plaintiff objects that this request is vague, ambiguous, and ill-defined. Moreover, the request fails to identify the materials sought with sufficient particularity, and therefore, the request is unduly burdensome as it shifts to Plaintiff the burden to determine the scope of

information that Defendants seek with this request. Plaintiff further objects that this request improperly enquires into information protected from disclosure by the attorney-client, work product, and trial preparations privileges.

Subject to and without waiving the foregoing objections, none that Plaintiff is aware of at this time that are non-privileged.

4. All statements obtained from any individual, or summaries of any statements given by any individual, relating to any matters referred to in the complaint. This expressly includes your Monell claim.

RESPONSE:

Plaintiff objects that this request is vague, ambiguous, and ill-defined. Moreover, the request fails to identify the materials sought with sufficient particularity, and therefore, the request is unduly burdensome as it shifts to Plaintiff the burden to determine the scope of information that Defendant seeks with this request. Plaintiff further objects that this request improperly enquires into information protected from disclosure by the attorney-client, work product, and trial preparations privileges.

Subject to and without waiving the foregoing objections, none that Plaintiff is aware of at this time that are non-privileged.

5. All documents relating to any medical, psychiatric or psychological treatment sought or received by Plaintiff as a result of the incidents referred to in the complaint.

RESPONSE:

None.

6. All documents relating to any medical, psychiatric or psychological treatment or counseling, or drug or alcohol treatment or counseling, including but not limited to any Employee Assistance Program, sought or received by Plaintiff prior to or after the incidents alleged in the complaint.

RESPONSE:

None.

- 4 -

7. All documents describing or referencing the allegations of the complaint.

RESPONSE:

Plaintiff objects that this request is vague, ambiguous, and ill-defined. Moreover, the request fails to identify the materials sought with sufficient particularity, and therefore, the request is unduly burdensome as it shifts to Plaintiff the burden to determine the scope of information that Defendants seek with this request. Plaintiff further objects that this request improperly enquires into information protected from disclosure by the attorney-client, work product, and trial preparations privileges.

Subject to and without waiving the foregoing objections, see previously produced documents.

8. All federal and state income tax returns, W-2 forms and related tax documents for the past five (5) years.

RESPONSE:

Plaintiff objects to this Request as overly broad, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover the request seeks highly sensitive personal financial information in Plaintiff's tax returns, and Defendants have not established a justification for rooting around in his personal financial information. Plaintiff therefore objects that the request invades his rights to personal privacy and is unduly burdensome and harassing.

9. Any and all employment records for the past five (5) years, including but not limited to disciplinary investigations and dispositions and referrals to Employee Assistance Programs.

RESPONSE:

Plaintiff objects to this Request as overly broad, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, none in Plaintiff's possession.

10. All photographs, slides, video or video files in any format, drawings, sketches or other documents which display, depict or otherwise indicate any of the scenes or occurrences alleged in the complaint, or any of the injuries alleged by Plaintiff.

RESPONSE:

Plaintiff objects that this request is vague, ambiguous, and ill-defined. Moreover, the request fails to identify the materials sought with sufficient particularity, and therefore, the request is unduly burdensome as it shifts to Plaintiff the burden to determine the scope of information that Defendants seek with this request.

Subject to and without waiving the foregoing objections, see previously produced videos and documents.

11. All documents relating to the allegations of damages in the complaint, including but not limited to, the nature and extent of both physical and emotional injuries, business losses and any other economic losses which Plaintiff claims to have resulted from the occurrences alleged in the complaint.

RESPONSE:

Plaintiff objects that this request is vague, ambiguous, overly broad and ill-defined. Moreover, the request fails to identify the materials sought with sufficient particularity, and therefore, the request is unduly burdensome as it shifts to Plaintiff the burden to determine the scope of information that Defendants seek with this request.

Subject to and without waiving the foregoing objections, see previously produced videos and documents.

12. Any and all documents relating to any complaint filed by Plaintiff with the Village of Romeoville relating to the occurrences alleged in the complaint.

RESPONSE:

Plaintiff objects that this request is vague, ambiguous, and overly broad. Moreover, the request fails to identify the materials sought with sufficient particularity, and therefore, the request is unduly burdensome as it shifts to Plaintiff the burden to determine the scope of information that Defendant seeks with this request.

Subject to and without waiving the foregoing objections, Plaintiff tried to file a complaint to the Romeoville Police Department, but was unlawfully not allowed to by certain officers, including Defendant Michenzi, and therefore has no responsive documents.

13. Copies of any and all communications and documents including any pleadings or transcripts regarding the underlying criminal proceedings.

RESPONSE:

Plaintiff objects that this request is vague, ambiguous, and ill-defined. Moreover, the request fails to identify the materials sought with sufficient particularity, and therefore, the request is unduly burdensome as it shifts to Plaintiff the burden to determine the scope of information that Defendants seek with this request. Plaintiff further objects that this request improperly enquires into information protected from disclosure by the attorney-client, work product, and trial preparations privileges. Plaintiff further objects that the requested information is equally available to Defendants.

Subject to and without waiving the foregoing objections, no responsive, non-privileged documents in Plaintiff's possession other than what has been produced in this case already.

14. Any and all documents that Plaintiff contends support his claims and allegations against the Defendants or any alleged damages. This expressly includes your Monell claim.

RESPONSE:

Plaintiff objects that this request is vague, ambiguous, overbroad and ill-defined. A request for "any and all documents" fails to identify the materials sought with sufficient particularity, and therefore, the request is unduly burdensome as it shifts to Plaintiff the burden to determine the scope of information that Defendants seek with this request and asks Plaintiff to marshal all evidence in support of his claims in this lawsuit. Plaintiff further objects that this request improperly enquires into information protected from disclosure by the attorney-client, work product, and trial preparations privileges.

Subject to and without waiving the foregoing objections, see all previously produced documents in this lawsuit.

15. Any and all documentation through which Medicare has notified Plaintiff or any of his representatives, including attorneys, of any lien or potential lien for medical benefits Medicare has paid on his behalf, or of any right to recover medical benefits paid on his behalf. This includes, but is not limited to, any conditional payment letters and/or lien notifications.

RESPONSE:

Plaintiff objects to this Request as overly broad, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, none.

16. Any and all documents and communications relating to any Social Security Disability Insurance application filed by Plaintiff, any denial of such application, any appeals, and any award of benefits.

RESPONSE:

Plaintiff objects to this Request as overly broad, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, none.

17. Any and all documents Plaintiff may use at trial or in any deposition. This expressly includes any demonstrative exhibit.

RESPONSE:

Plaintiff objects to this Request as it improperly asks Plaintiff to prematurely disclose its trial exhibit list. Plaintiff will comply with the Federal Rules of Civil Procedure, the local rules, and the Court's scheduling order in disclosing the evidence to be presented at trial.

Subject to and without waiving the foregoing objections, see documents produced in this matter. Plaintiff will further supplement in accordance with the Federal Rules of Civil Procedure, the local rules, and the Court's scheduling order.

18. Copies of any and all social media posts, comments, or other digital communications which reference the incident on which the suit is based, the police or law enforcement in general, or any matter on which the Plaintiff seeks damages, including but not limited to physical and mental health. The time period of this post is limited to January 1, 2016, to the date on which this request for production of documents is responded to.

RESPONSE:

Plaintiff objects that this request is unduly burdensome, harassing, overly broad and vague. Subject to and without waiving the foregoing objections, none in Plaintiff's possession.

19. Copies of any and all communications between Plaintiff and Selena Anderson for three days (72 hours) before and after the incident on which this suit is based.

RESPONSE:

None in Plaintiff's possession.

20. Copies of any and all communications between Plaintiff and Melissa Prince for three days (72 hours) before and after the incident on which this suit is based.

RESPONSE:

Plaintiff objects to this Request as overly broad, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, none in Plaintiff's possession.

21. Copies of all testimony given by Plaintiff in any legal proceeding, civil, family, or criminal, for the five years before the date on which these interrogatories are answered.

RESPONSE:

Plaintiff objects that this request is vague, harassing, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Plaintiff further objects that the requested information is equally available to Defendants. Plaintiff further objects that this request is overly broad as it is not limited in scope.

Subject to and without waiving the foregoing objections, see documents produced in this case. Plaintiff is not in possession of additional responsive documents.

22. For every expert you may call in this case, the case name and docket number of every case in the last ten years in which that expert has been identified as a potential witness.

RESPONSE:

Plaintiff objects to this Request as premature, unduly burdensome and overly broad.

Subject to and without waiving the foregoing objections, Plaintiff has not yet retained an expert who is expected to testify at trial. If Plaintiff does so, Plaintiff will disclose the

information concerning expert testimony required under the Federal Rules of Civil Procedure and within the timing provisions of the Court's scheduling order.

      23.    All expert reports prepared, drafted, or otherwise produced by any expert whom you may call in this case.

RESPONSE:

Plaintiff has not yet retained an expert who is expected to testify at trial. If Plaintiff does so, Plaintiff will disclose the information concerning expert testimony required under the Federal Rules of Civil Procedure and within the timing provisions of the Court's scheduling order.

      24.    For every expert you may call in this case, complete transcripts of all testimony that expert has given in the last ten years.

RESPONSE:

Plaintiff objects to this Request as premature, unduly burdensome and overly broad.

Subject to and without waiving the foregoing objections, Plaintiff has not yet retained an expert who is expected to testify at trial. If Plaintiff does so, Plaintiff will disclose the information concerning expert testimony required under the Federal Rules of Civil Procedure and within the timing provisions of the Court's scheduling order.

      25.    All documents which Plaintiff contends support his Monell claim.

RESPONSE:

Plaintiff objects that this request is vague, ambiguous, overly broad, and ill-defined. Moreover, the request fails to identify the materials sought with sufficient particularity, and therefore, the request is unduly burdensome as it shifts to Plaintiff the burden to determine the scope of information that Defendants seek with this request.

Subject to and without waiving the foregoing objections, see all documents produced in this case. Plaintiff will further supplement if appropriate.

26. Copies of the call logs, text message logs, and data streaming / use / uploading logs for any cell phone in Plaintiff's possession at any point during the incident on which this suit is based. The time frame for this request is from 12:01 am to 11:59 pm on December 21, 2018.

RESPONSE:

Plaintiff objects that this request is unduly burdensome, vague, ambiguous and harassing.

Subject to and without waiving the foregoing objections, Defendant Michienzi took possession of Plaintiff's phones during his unlawful interaction with Plaintiff and placed the phones in his pocket. The phones were last in the possession of Defendant Michienzi. Defendant Michienzi informed Plaintiff that the videos on his phone would never see the light of day. Accordingly, Plaintiff has no responsive documents in his possession.

27. Copies of the complete billing statement for any cell phone in Plaintiff's possession at any point during the incident. The time frame for this request is September 1, 2019 through February 29, 2020.

RESPONSE:

Plaintiff objects that this request is unduly burdensome, overly broad and harassing and is neither relevant nor likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, none in Plaintiff's possession.

28. Copies of all documents obtained via subpoena as part of this case.

RESPONSE:

None at this time. Plaintiff will supplement as discovery progresses.

29. Copies of all documents you obtain via a FOIA request from any government entity, regardless of the subject matter. The time frame for this request is the five years prior to the date on which these requests for production are responded to.

RESPONSE:

Plaintiff objects that this request is unduly burdensome, overly broad and harassing and is neither relevant nor likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, none in Plaintiff's possession.

30. Copies of the text messages referenced in Paragraph 27 of Plaintiff's Amended Complaint.

RESPONSE:

Plaintiff objects that this request is unduly burdensome and harassing.

Subject to and without waiving the foregoing objections, Defendant Michienzi took possession of Plaintiff's phone that Plaintiff was texting on during his unlawful interaction with Plaintiff and placed the phone in his pocket. The phone was last in the possession of Defendant Michienzi. Defendant Michienzi informed Plaintiff that the videos on his phone would never see the light of day. Accordingly, Plaintiff has no responsive text messages in his possession.

31. Copies of all documents obtained by Plaintiff or anyone acting on his behalf in the criminal case against Plaintiff arising from the incident on which this suit is based and which was dismissed via nolle prosequi on or about January 27, 2020.

RESPONSE:

Plaintiff objects that this request is vague, ambiguous, harassing and ill-defined. Moreover, the request fails to identify the materials sought with sufficient particularity, and therefore, the request is unduly burdensome as it shifts to Plaintiff the burden to determine the scope of information that Defendants seek with this request. Plaintiff further objects that this request improperly enquires into information protected from disclosure by the attorney-client, work product, and trial preparations privileges.

Subject to and without waiving the foregoing objections, Plaintiff will supplement to the extent any responsive, non-privileged documents are located.

32. Printout copies of your Facebook and/or Facebook Live page to which you streamed and/or uploaded any video referenced in your Amended Complaint sufficient to show the date and time stamps of when the video was streamed or uploaded.

RESPONSE:

Plaintiff objects that this request is unduly burdensome, harassing, and vague.

Subject to and without waiving the foregoing objections, none in Plaintiff's possession.

33. Any photos or videos taken by Selena Anderson on December 21, 2018 while she was on the premises of the Romeoville Police Department.

RESPONSE:

None in Plaintiff's possession.

34. Copies of any receipts, proofs of purchase, replacement claims or requests, insurance claims or requests, or any other documents related to ownership, repair, insurance, or replacement of any cell phone Plaintiff possessed on December 21, 2018.

RESPONSE:

Plaintiff objects to this request as vague, ambiguous and multifarious. Plaintiff further objects to this Request as overly broad, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, none in Plaintiff's possession.