UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAQUILLE PRINCE, ) | |
| ) | |
| Plaintiff, ) | Case No. 19-cv-7265 |
| ) | |
| vs. ) | |
| ) | Honorable Robert W. Gettleman |
| SGT. MICHIENZI #357, et al., ) | Magistrate Judge Susan E. Cox |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S AMENDED ANSWERS AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES

TO: Defendants, Sgt. Michael Michienzi #357, Detective Thomas Dorsey and The Village of Romeoville, by and through their attorneys, G. David Mathues and Michael D. Bersani, HERVAS, CONDON & BERSANI, P.C., 333 Pierce Road, Suite 195, Itasca, Illinois 60143-3156.

In accordance with the Federal Rules of Civil Procedure, Plaintiff Shaquille Prince ("Plaintiff" or "Prince") serves these Amended Answers and Objections to Defendants' Interrogatories.

Respectfully submitted,

By: /s/ Ryan Krone
Jeffery J. Mayer
Bar No. 06194013
jeffery.mayer@akerman.com
AKERMAN LLP
71 S. Wacker Drive, 47th Fl.
Chicago, IL 60606

Ryan C. Krone
Bar No. 24085750
ryan.krone@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard, Suite 2300
Houston, TX 77056
(713) 960-7394 – Telephone
(713) 960-1527 – Fax

ATTORNEYS FOR PLAINTIFF

61290840;1

**EXHIBIT D**

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Amended Answers and Objections to Defendants' First Set of Interrogatories was served upon all counsel of record via email on this 12th day of January, 2022.

/s/ Ryan C. Krone
Ryan C. Krone

61290840;1

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1. State your full name, address, last 4 digits of your Social Security Number, date of birth, driver's license number and state of issue. Further state your approximate height and weight on December 21, 2018, and whether you have ever been known by or used any other name(s) and, if so, please state such other name(s) and the dates within which you used or were known by such name(s).

ANSWER:

Plaintiff objects that this request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects that the request seeks personal and or sensitive information about him, and Defendants have not offered – much less established – a justification for the information requested. Plaintiff therefore objects that the request invades his rights to personal and associational privacy and is unduly burdensome.

Subject to and without waiving the foregoing objections, Shaquille Paris Prince; current address 150 N. Main St., Sycamore, IL, 60178; 0193; Driver's license number unknown; approximate height 5'10" and weight 180 lbs. Plaintiff has gone by the nickname Sean on occasion.

2. State the full name and last known residence address and telephone number of each person who witnessed or claims to have witnessed the occurrences that are the subject of this suit.

ANSWER:

See Plaintiff's Initial Disclosures. Plaintiff will further supplement as discovery progresses.

3. State the full name and current residence address of each person not named in interrogatory No. 2 above who was present and/or claims to have been present at the scene immediately before, at the time of, and/or immediately after the occurrences.

ANSWER:

See Plaintiff's Initial Disclosures. Plaintiff will further supplement as discovery progresses.

4. Were any photographs, movies and/or videotapes taken of the scene of the occurrences that are the subject of this suit or of the persons involved? If so, state the date or dates on which such photographs, movies and/or videotapes were taken, the subject thereof, who now has custody of them, and the name and address of the person who took them. Furthermore, if any of the photographs, movies, and/or videotapes were posted on any social media platform, state the social medial platform, the date and time the item was uploaded, the username of the person uploading, and the URL to the posting.

ANSWER:

Plaintiff objects that this Interrogatory is overbroad, compound, unduly burdensome, vague and improperly asks Plaintiff to marshal all evidence in support of his claims in this lawsuit. Plaintiff further objects that this Interrogatory seeks a narrative response that is better examined through deposition procedures.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, see videos previously produced by Plaintiff. Plaintiff further states Plaintiff recorded video as some of the events occurred. Defendant Michienzi last had custody and possession of Plaintiff's phone that videos were recorded on, and therefore last had custody and possession of the videos. Plaintiff also recorded on Facebook live, but does not have possession of or access to the live videos.

5. Do you know of any statements made by any person relating to the occurrences that are the subject of this suit? If you answered "yes," state the following: (a) the date or dates of such conversations and/or statements; (b) the place of such conversations and/or statements; (c) all persons present for the conversations and/or statements; (d) the matters and things stated by the person in the conversations and/or statements; (e) whether the conversation was oral, written and/or recorded, or posted to social media; and (f) who has possession of the statement if written and/or recorded. This interrogatory expressly includes all statements, oral or written, you made to any person regarding the incident.

ANSWER:

Plaintiff objects to this Interrogatory to the extent it improperly enquires into information protected from disclosure by the attorney-client, work product, and trial preparation

- 4 -

privileges. See, e.g., Hickman v. Taylor, 329 U.S. 495, 512 (1947)(referencing witness statements as work product); Upjohn Co. v. United Statements, 499 U.S. 383, 399 (1981)(explaining that "[f]orcing an attorney to disclose notes and memoranda of witness's oral statements is particularly disfavored because it tends to reveal the attorney's mental processes…"). The response below is therefore limited to those "witness statements" made discoverable by the Federal Rules of Civil Procedure. Plaintiff further objects that this Interrogatory seeks a narrative response that is better examined through deposition procedures.

Subject to and without waiving the foregoing objections, Defendant Michienzi made numerous statements to Plaintiff on the day of the incidents in question. By way of example and not limitation, Defendant Michienzi asked Plaintiff to "work it out with the officer" because Defendant Michienzi "knows him;" Defendant Michienzi told Plaintiff to "get [his] monkey ass back here;" Defendant Michienzi told Plaintiff "move and I'll shoot mother fucker;" and Defendant Michienzi told Plaintiff that his "videos will never see the light of day." Plaintiff will further supplement as discovery progresses.

6. Have you ever been convicted of a misdemeanor involving dishonesty or false statement, or of a felony? If so, state the nature thereof, the date of the conviction, and the court and the caption in which the conviction occurred. For the purpose of this interrogatory a plea of guilty shall be considered as a conviction.

ANSWER:

Plaintiff objects that this Interrogatory is overbroad, unduly burdensome and harassing and is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory as it is not limited in time or scope. Accordingly, Plaintiff will limit his response to a reasonable time period of the last five years.

Subject to and without waiving the foregoing objections, to the best of Plaintiff's recollection, none in the last five years.

7. Describe every injury you claim to have been caused by the occurrences that are the subject of this suit. If you claim multiple injuries inflicted by different individuals or entities or at different times and places, so state, indicating when and where each such injury was inflicted.

ANSWER:

Plaintiff objects that this Interrogatory is overbroad, compound, unduly burdensome, vague and improperly asks Plaintiff to marshal all evidence in support of his claims in this

- 5 -

lawsuit. Plaintiff further objects that this Interrogatory seeks a narrative response that is better examined through deposition procedures.

Subject to and without waiving the foregoing objections, see Plaintiff's most recent Complaint. Plaintiff suffered physical, mental and monetary injuries as a result of Defendants' unlawful conduct. Plaintiff will supplement as discovery progresses.

8. If you claim any physical injuries, state: (a) the name and address of each attending physician; (b) the name and address of each consulting physician; (c) the name and address of each person or laboratory taking an x-ray of you; (d) the date or inclusive dates on which each of them rendered you service; (e) the amounts to date of their respective bills for services; (f) from which of them you have written reports, and, if you claim personal injuries, state whether you were a patient or outpatient in any hospital or clinic. If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills, and the date or inclusive dates of said services.

ANSWER:

Plaintiff objects to this Interrogatory in that it improperly asks him to marshal all evidence in support of his damages claims. Plaintiff further objects that this request seeks a narrative response that is better examined through deposition procedures.

Subject to and without waiving the foregoing objections, Plaintiff suffered physical injuries when Defendant Michienzi kicked Plaintiff's legs out from under him and then proceeded to kick Plaintiff in the groin area.

9. If you claim to have suffered any mental or emotional injuries as a result of the occurrences that are the subject of this suit, explain and describe the alleged injuries or condition, list each mental health care provider who has diagnosed or treated you for the injury or condition, and indicate the address of the provider and the dates of treatment.

ANSWER:

Plaintiff objects to this Interrogatory in that it improperly asks him to marshal all evidence in support of his damages claims. Plaintiff further objects that this request seeks a narrative response that is better examined through deposition procedures.

- 6 -

61290840;1

Subject to and without waiving the foregoing objections, the harm Plaintiff has suffered as a result of the occurrences that are the subject of this suit is significant and ongoing. Plaintiff suffers from anxiety, stress, sleep issues, nightmares and other emotional distress.

10. State any and all expenses and/or losses you claim as a result of the occurrences that are the subject of this suit. This expressly includes any claim for lost wages. As to each expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amounts are owed, whether the expense or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose of each expense and/or loss.

ANSWER:

Plaintiff objects to this Interrogatory in that it improperly asks him to marshal all evidence in support of his damages claims. Plaintiff further objects that this request seeks a narrative response that is better examined through deposition procedures.

Subject to and without waiving the foregoing objections, see Plaintiff's most recent Complaint. Further, the harm Plaintiff has suffered as a result of the occurrences that are the subject of this suit is significant and ongoing. Because of the actions and inactions of Defendants, Plaintiff has spent a significant amount of time incarcerated. Plaintiff will further supplement as discovery progresses.

11. Have you ever been a party to any civil court case, including bankruptcy or family law matters? If yes, for every civil case to which you have been a party, please identify: 1) the court in which the case was filed; 2) your role; 3) the year in which the case was filed; 4) the outcome of the case.

ANSWER:

Plaintiff objects to this Interrogatory as it is not limited in time or scope. Plaintiff further objects that this Interrogatory is overbroad, unduly burdensome and harassing and is neither relevant nor likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff has been a party in the following civil court cases, in addition to this lawsuit:

Prince v. Officer Unknown #1, et al, 1:19-cv-07269, Plaintiff, filed in 2019, dismissed without prejudice.
Prince v. Soderstrom, et al, 1:19-cv-07270, Plaintiff, filed in 2019, active case.

Prince v. Arndt, et al, 1:20-cv-05847, Plaintiff, filed in 2020 active case.

12. Had you suffered any personal injury and/or illness within the three (3) years prior to the date of the incident on which this suit is based on since the incident on which this suit is based? If so, state where and how you were injured and/or ill and describe the injuries and/or illness suffered.

ANSWER:

Plaintiff objects that this Interrogatory is overbroad, unduly burdensome and harassing and is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff further objects that the terms "personal injury" and "illness" are vague, ambiguous and not limited in scope.

Subject to and without waiving the foregoing objections, none that Plaintiff recalls at this time.

13. Have you ever encountered Sgt. Michenzi or Detective Dorsey face-to-face other than on or about December 21, 2018? If yes, identify the date, location, and nature of the encounter.

ANSWER:

Plaintiff does not recall encountering Defendant Michienzi or Defendant Dorsey other than on or about December 21, 2018.

14. What was the make, model, color, IMEI number, phone number, and service provider for any cell phone(s) you had in your possession at any point on December 21, 2018?

ANSWER:

Plaintiff objects that this Interrogatory is overbroad, unduly burdensome and harassing and is neither relevant nor likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff had an IPhone 8 Plus and a Motorola phone in his possession on December 21, 2018. Defendant Michienzi last had custody and possession of the referenced devices. Accordingly, Plaintiff does not have possession of the devices to confirm the additional information requested, and Plaintiff is without sufficient information regarding the remaining information requested in this Interrogatory.

15. Have you ever posted, streamed, or uploaded any content of any sort to any social medial platform or Internet site (including, but not limited to, Facebook, Facebook LIVE, Instagram, YouTube, Twitter, online comment section to a news article), under any username, related to the allegations in your complaint in general, and the events of December 21, 2018 in particular? If yes, identify the social media platform or website, the username used to make the post, the date of the posting, and provide a copy of the posting, including any video or photograph posted. If you do not possess a complete copy of whatever content you posted, streamed, or uploaded, please explain in detail what content you do not possess, explain why you do not possess the context, and where that content could be located.

ANSWER:

Plaintiff objects that this Interrogatory is overbroad, unduly burdensome, multifarious and harassing.

Subject to and without waiving the foregoing objections, Plaintiff initiated a recording on Facebook Live on December 21, 2018 during the events complained of. Defendant Michienzi took possession of Plaintiff's phone that was recording on Facebook Live during his unlawful interaction with Plaintiff and placed the phone in his pocket. The videos were last in the possession of Defendant Michienzi. Defendant Michienzi informed Plaintiff that the videos on his phone would never see the light of day. Plaintiff recorded on Facebook live, but does not have possession of or access to the live videos. Plaintiff does not recall the username that he used at the time for Facebook live videos and does not know of any manner in which he can access prior Facebook live videos.

16. Are you aware of any statements related to your Monell policy-and-practice claim against the Village of Romeoville? This includes conversations with or questions to any person regarding alleged misconduct or unconstitutional activities by any Village of Romeoville Police Officer. If you answered "yes," state the following: (a) the date or dates of such conversations and/or statements; (b) the place of such conversations and/or statements; (c) all persons present for the conversations and/or statements; (d) the matters and things stated by the person in the

- 9 -

conversations and/or statements; (e) whether the conversation was oral, written and/or recorded, or posted to social media; and (f) who has possession of the statement if written and/or recorded

ANSWER:

Plaintiff objects that this Interrogatory is vague, ill-defined, and ambiguous. Plaintiff further objects that this request is not limited in time or scope and is therefore unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff is not able to respond to this Interrogatory as written. If Defendants would like to clarify this Interrogatory, Plaintiff will respond accordingly.

17. Have you ever filed any complaint of any sort, formal or informal, with any government agency in the last ten years in which you claimed to be the victim of some type of police misconduct or abuse? If yes, identify the date and location where you filed the complaint, the general subject matter of the complaint, the police officer and/or police department about which you complained, and the outcome of the complaint.

ANSWER:

Plaintiff objects that this Interrogatory is overbroad, unduly burdensome and harassing and is neither relevant nor likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, see information in response to Interrogatory #11. As outlined in Plaintiff's most recent Complaint, Plaintiff tried to file a complaint to the Romeoville Police Department, but was unlawfully not allowed to by certain officers, including Defendant Michenzi.

18. Have you ever received or are you currently receiving Medicaid?

   (a) If you answered "yes," please state the following: (i) your Medicaid number, i.e., Health Care Identification Number (HCIN); (ii) the amount(s) of medical benefits paid by Medicare for medical care you are claiming was proximately caused by the alleged incident/occurrence in this case; and (iii) identify any and all communications (oral, written or otherwise) with Medicaid with respect to medical benefits paid on your behalf or with respect to any lien or potential lien Medicaid claims for medical benefits.

- 10 -

61290840;1

  (b)  If you answered "no," please state whether you have ever applied for Medicaid benefits in the past, the dates you applied for such benefits and the resolution of your application for benefits.[1]

ANSWER:

Plaintiff does not recall receiving Medicaid.

  19.  Have you applied for Social Security Disability Insurance (SSDI)? If you answered "yes," please state the date that the application was filed, and:

  (a)  If the SSDI application was ever denied, please state: (i) the date the SSDI application was denied; (ii) the reason for the denial of benefits stated by the Social Security Administration; and (iii) whether the denial of benefits was appealed, and if so, the date of any such appeal and its outcome.

  (b)  If SSDI benefits were awarded, please state: (i) the date of such award; (ii) the beginning date the benefits covered and the period of time for which such benefits were paid; and (iii) the injury claimed that resulted in the award of benefits and the date of the injury.

ANSWER:

Plaintiff does not recall ever applying for Social Security Disability Insurance.

  20.  What is the name, address, and phone number of the "friend" referenced in Paragraph 27 of your Amended Complaint?

ANSWER:

Plaintiff objects that this Interrogatory is harassing.

Subject to and without waiving the foregoing objections, Plaintiff was simultaneously sending text messages to friends to come pick him up from his location. Plaintiff does not recall the names of each friend that he sent text messages to. Defendant Michienzi took possession of Plaintiff's phone that Plaintiff was texting on during his unlawful interaction with Plaintiff and placed the phone in his pocket. The phone was last in the possession of Defendant Michienzi. Defendant Michienzi informed Plaintiff that the videos on his phone

---

[1] It is specifically requested that you seasonably supplement your answers to these Interrogatories, pursuant to Federal Rule 26(e), to reflect any change in status, meaning any application for benefits that you make whether you are approved or denied for such benefits and a detailed account of any actual benefits or payments made by Medicare on your behalf.

- 11 -

61290840;1

- 12 -

would never see the light of day.  Accordingly, Plaintiff does not have possession of his phone to confirm the identity of the friends reference.

21. Are there any Facebook Live or other social media recordings referenced in your complaint which you do not possess? Is yes, explain fully and in detail why you posses certain Facebook Live recording referenced in your complaint (e.g., Paragraphs 21–25) but do not possess other Facebook Live recordings also referenced in your complaint (e.g., Paragraphs 27–32)

ANSWER:

Plaintiff objects that this Interrogatory is overbroad, unduly burdensome, harassing, and vague. Plaintiff further objects that this Interrogatory seeks a narrative response that is better examined through deposition procedures.

Subject to and without waiving the foregoing objections, Plaintiff initiated a recording on Facebook live on December 21, 2018 during the events complained of.  Defendant Michienzi took possession of Plaintiff's phone that was recording on Facebook live during his unlawful interaction with Plaintiff and placed the phone in his pocket.  The videos were last in the possession of Defendant Michienzi.  Defendant Michienzi informed Plaintiff that the videos on his phone would never see the light of day.  Plaintiff recorded on Facebook live, but does not have possession of or access to the live videos.  Plaintiff does not recall the username that he used at the time for Facebook live videos and does not know of any manner in which he can access prior Facebook live videos.

61290840;1

STATE OF ILLINOIS    )
                              ) SS.
COUNTY OF DeKALB   )

## VERIFICATION

I, SHAQUILLE PRINCE, being first duly sworn on oath, state that I have read the answers to amended interrogatories above, and the answers are true, correct, and complete to the best of my knowledge and belief.

                                                     SHAQUILLE PRINCE

SUBSCRIBED and SWORN to before me this ~~day of December, 2021~~ January 11, 2022

_____
NOTARY PUBLIC

59300186;1

```
OFFICIAL SEAL
Britta Krabill
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Oct. 01, 2024
```