UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAQUILLE PRINCE, | ) |
| Plaintiff, | ) Case No. 19-cv-7265 |
| vs. | ) Judge Robert Gettleman |
| SGT. MICHIENZI #357, et al., | ) Magistrate Judge Susan Cox |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL**

NOW COMES Plaintiff, Shaquille Prince, by and through his attorneys, Jeffrey Mayer and Ryan Krone, of Akerman LLP, and asks this Court to deny Defendants' Motion to Compel Plaintiff's answer to certain questions in deposition.

## I. INTRODUCTION

Defendants' Counsel seeks to depose Plaintiff on criminal history that is unconnected to the present case and irrelevant. Specifically, Defendants' Motion cites to a domestic battery conviction (currently on appeal), and an Obstruction of Justice charge that was vacated and has been remanded for a new trial. Questioning related to the domestic battery incident should be excluded because it is entirely irrelevant to this case and simply used for the purposes of Defendants continued pattern of trying to embarrass and harass Mr. Prince. The Obstruction of Justice Charge referenced by Defendants has been vacated and set for a new trial, and accordingly is not admissible. While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints. Indeed, given the potential for and the all too obvious reality of litigation abuse, the Supreme Court has cautioned judges to exercise appropriate control over the discovery process. While Defendants argue that Plaintiff's

criminal history may be used for impeachment purposes under Federal Rule of Evidence 609, this is restricted by the Seventh Circuit's narrow standard that limits the elicitation of details to the crime charged, the date, and the disposition. Beyond this limited information, there is simply no relevance for this information, and as is evident from Defendants' motion, Defendants already possess evidence of the purported convictions, such as the dates, parties, and sentences. Accordingly, because Plaintiff's criminal history has limited, if any, relevance to this case, it would be harassing to allow Defendants' Counsel to spend any more time deposing Plaintiff on these issues. This request by Defendants is nothing more than a continuation of the attacks Mr. Prince has endured at the hands of Defendants simply because he chose to peacefully speak out against improper and illegal actions of Defendants, and the Court should not allow this mistreatment and harassment to continue.

## II. ARGUMENT

As an initial matter, prior to Plaintiff's deposition, counsel for Plaintiff contacted the Court to determine if there was a procedure to receive a ruling on discovery issues during Plaintiff's deposition. Counsel was informed there is not, and a protective order would need to be sought after the deposition. Accordingly, Plaintiff's Counsel followed this procedure and informed Defendants' Counsel that we would seek a protective order on the very issues Defendants complain of. Defendants' Counsel filed this Motion to Compel in an expedited manner, and Plaintiff's Counsel did not yet file Plaintiff's Motion for Protective Order. Accordingly, Defendants' Counsel's misleading representations that Plaintiff's Counsel was "unmoved" by his arguments during and after the deposition is disingenuous due to the fact that Defendants' Counsel was informed a protective order would be sought, and certainly does not entitle Defendants to be awarded costs should the Court grant Defendants' Motion (which Plaintiff maintains it should not).

While Federal Rule of Evidence 609 says that a witness' felony conviction must be admitted in a civil case where the witness is not a defendant for the purposes of impeachment, this rule is tempered by Rule 403. Fed. R. Ev. 609(a)(1). Rule 403 allows the court to exclude evidence if the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Ev. 403. The Supreme Court has been clear and unequivocal that "discovery should be denied when a party's aim is to...embarrass or harass the person from whom he seeks discovery." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 353 n.18 (1978); *see also, e.g., Jones v. Sci. Colors, Inc.,* No. 00 C 0171, 2001 WL 668943, at *2 (N.D. Ill. June 14, 2001) ("Finally, defendant objects to the order barring its inquiries into the EEOC claimants' arrest records. The magistrate judge concluded such inquiries represented fishing expeditions designed to harass the claimants. Defendant contends the inquiries may lead to information bearing on claimants' psychological well-being. Again, the Court finds the proffered connection too attenuated. Whether any of the claimants have been previously arrested--as opposed to convicted--is a matter of slight probative value in relationship to the claims before the Court. Such inquiries threaten more to confuse than enlighten.") In this case, the probative value of interrogating Plaintiff on his criminal history is minimal and is outweighed by the wasted time and harassment it would cause.

Use of criminal history for impeachment is restricted by the Seventh Circuit's narrow standard that limits the elicitation of details to "the crime charged, the date, and the disposition." *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987), *superseded on other grounds as noted by Kunz v. DeFelice*, 538 F.3d 667, 675 (7th Cir. 2008) (stating how "Rule 609 was amended after. . .*Campell* to incorporate expressly the balancing of probative value against prejudice that Rule 403

embodies"). Beyond this limited information, there is simply no relevance for this information. As evident from their motion, Defendants already possess evidence of the purported convictions, such as the dates, parties, and sentences. *See Pierce v. Ruiz*, 2016 WL 5912890, at *3 (N.D. Ill. Oct. 11, 2016) ("Accordingly, the Defendants may introduce evidence stating that [the plaintiff] was convicted of two felonies and provide the dates of those conviction. The Defendants may not reveal the nature of the crimes underlying the convictions."); *Warfield v. City of Chicago*, 2009 WL 10739476, at *3 (N.D. Ill. Mar. 9, 2009) ("As to the conviction that will be admitted, Defendants will be permitted to inquire into the crime charged, the date, and the disposition, but not the underlying circumstances.").

Defendants do not actually explain why additional details of Plaintiff's criminal history are relevant, Defendants merely state that Rule 609 allows them to seek such evidence. However, evidence is not relevant merely because there is a rule limiting its inclusion. Rule 402 says that "irrelevant evidence is not admissible." Fed. R. Ev. 402. Nowhere in Rule 609 is this controverted. As Defendants' Counsel has not shown why the details of Plaintiff's prior convictions are relevant, questions regarding same would be improper and irrelevant. Furthermore, this case involves severe harassment and abuse by police officers of Plaintiff. Asking numerous questions about the details of Plaintiff's prior, unrelated convictions, when the convictions are irrelevant and Plaintiff is already dealing with the trauma of police actions, is harassing, especially considering that Plaintiff's deposition took roughly seven hours (with breaks) without this line of questioning. Plaintiff's criminal history can be shown through written testimony more easily and with less prejudice than through deposition.

Further questions about the details of his convictions are not relevant, as those cases are unconnected to this dispute, except one. Plaintiff went to the Romeoville Police Department on

the day of the incident to file a complaint regarding actions taken by Romeoville officers during a prior arrest for trespassing, which was dropped. Some details about that prior arrest may be relevant to the current case, and consequently, Plaintiff's Counsel did not object to questions about the arrest where they pertained to Plaintiff's desire to file a complaint. (*See* Defendants' Motion to Compel, Dkt. 128 at Exhibit B, 6:20-7:8).

Furthermore, Rule 609(a)(2) contemplates prior convictions involving a dishonest or false act. "The types of acts which satisfy this strict test are forgery, bribery, suppression of evidence, cheating, embezzlement, false pretenses, fraud, and perjury." *U.S. v. DeStefano*, 1995 WL 398763 at *7. (N.D. Ill. June 29, 1995). Acts involving force, intimidation, or bad intent do not fall under this exception. *Id.* Plaintiff's prior arrest for Domestic Battery does not involve dishonest or false acts, and thus does not fall under this narrow exception. Additionally, his conviction for Obstruction of Justice was reversed and remanded and thus does not properly fall under Rule 609, even if this court holds that it was a crime requiring false or dishonest acts. *See People v. Prince*, 2021 Il. App. (3d) 190440.

Lastly, in an attempt to mislead and deceive this Court, Defendants' Counsel claims that "Plaintiff's sworn interrogatory answer to a question about his criminal history (prepared with the help of his current counsel) stated that 'to the best of Plaintiff's recollection,' he had not been convicted of a misdemeanor involving dishonesty or a felony within the last ten years." (Defendants' Motion to Compel, Dkt. 128 at ¶ 13). First, Defendants' Counsel entirely misrepresents Plaintiff's response. Indeed, Plaintiff's response to the referenced Interrogatory states that "to the best of Plaintiff's recollection, none in the last five years." (*Id.* at Exhibit C). Second, Defendants' Motion cites to a domestic battery conviction (currently on appeal), and an Obstruction of Justice charge that was vacated and has been remanded for a new trial. (*See Id.* at

¶ 14). Defendants' Interrogatory #6 asks if Mr. Prince has "ever been convicted of a misdemeanor involving dishonesty or false statement, or of a felony?" *Id.* at Ex. B. Accordingly, as discussed above, the domestic battery conviction that is on appeal is certainly not a conviction involving "dishonesty or a false statement." Additionally, Plaintiff's purported conviction for Obstruction of Justice was vacated and remanded for a new trial, and therefore Plaintiff's Counsel is not in agreement with Defendants' Counsel's interpretation that this currently pending case would be responsive to this Interrogatory. This argument is yet another instance of Plaintiff's Counsel trying to hide the ball.

### III.  CONCLUSION

For all the reasons set forth above, this Court should deny Defendants' Motion to Compel.


Dated: February 15, 2022                             Respectfully Submitted:

By: */s/ Jeffrey J. Mayer*
**Jeffrey J. Mayer**
Bar No. 06194013
jeffrey.mayer@akerman.com
AKERMAN LLP
71 S. Wacker Drive, 47th Fl.
Chicago, IL 60606

**Ryan C. Krone**
Bar No. 24085750
ryan.krone@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard, Suite 2300
Houston, TX 77056
(713) 960-7394 – Telephone
(713) 960-1527 – Fax
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAQUILLE PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-7265 |
| vs. | ) | |
| | ) | Judge Robert Gettleman |
| SGT. MICHIENZI #357, et al., | ) | |
| | ) | Magistrate Judge Susan Cox |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2022, I electronically filed the foregoing ***Plaintiff's Motion to Compel***, with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which will send notice to the CM/ECF participants.

**TO:** G. David Mathues
Michael D. Bersani
*Attorneys for Defendant*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
Phone: 630-773-4774; Fax: 630-773-4851
dmathues@hcbattorneys.com
mbersani@hcbattorneys.com

By: */s/ Jeffrey J. Mayer*
**Jeffrey J. Mayer**
Bar No. 06194013
jeffrey.mayer@akerman.com
AKERMAN LLP
71 S. Wacker Drive, 47th Fl.
Chicago, IL 60606

**Ryan C. Krone**
Bar No. 24085750
ryan.krone@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard, Suite 2300
Houston, TX 77056
(713) 960-7394 – Telephone
(713) 960-1527 – Fax
*Admitted Pro Hac Vice*
**ATTORNEYS FOR PLAINTIFF**