**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHAQUILLE PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-7265 |
| | ) | |
| vs. | ) | Judge Robert Gettleman |
| | ) | |
| SGT. MICHIENZI #357, et al., | ) | Magistrate Judge Susan Cox |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO VACATE RULING**
**BIFURCATING *MONELL* DISCOVERY**

Defendants' Response to Plaintiff's Motion to Vacate Ruling Bifurcating *Monell* Discovery misses the mark and inadvertently makes the case for vacating the prior ruling. It is undisputed that the Plaintiff peacefully arrived at the Romeoville police station to exercise his First Amendment rights. It is further undisputed that the Defendants engaged in a series of delays and maneuvers culminating in his arrest. The case is so powerful that Defendants simply forfeited the right to bring a summary judgement motion. Defendants' explanation for their actions was following policy; indeed, right in Defendants' response is the claim that they were following policy. (Dkt. # 159, "Defendants' Response" p. 4). Instead of arguing on those facts, Defendants simply present a misleading set of facts in particular claiming that the Plaintiff was arrested pursuant to a warrant. Yet, if the case was that simple, it would already be over. In fact, Plaintiff was not arrested for a warrant, he was arrested for running away after he was told he could leave, itself an unconstitutional act. Moreover, Defendants recent production demonstrates that cited, let alone uncited, factual assertions should be treated skeptically. ████████████████

████████████████████████████████████████████

████████████████████████████████████████████



Defendants arguments in their Response are misguided. Arguments that (1) Plaintiff has made the same arguments and used some of the same cases that were previously presented to the Court; and (2) Plaintiff's *Monell* discovery requests are not narrowly tailored enough. Defendants claim of complexity is misguided. Plaintiff is not seeking to take *Monell* discovery on unlawful use of force, or arrest practices, or on a variety of other matters at issue. The discovery and trial will involve the very policies that Defendants themselves highlight in their response opposing discovery into those policies.

Notably, Defendants provided no sworn support of the assertion that obtaining an understanding of how the Department handles citizens requests for complaints and information would be burdensome. Plaintiff has genuine interest in pursuing a judgment against the Village of Romeoville to deter future violations and make sure other citizens' rights are not violated in the future. Plaintiff also has a fundamental right to fully pursue the claims made in his Complaint,

particularly here when the requested discovery is narrowly tailored and not burdensome on Defendants.

In sum, we have Defendants of proven dishonesty, who admitted to delaying and impeding First Amendment rights, all in the name of their policies (checking with supervisors, running warrants, background checks, etc.), claiming that there is no need to investigate their policies. Accordingly, the Court should grant Plaintiff's Motion, and allow the narrowly tailored *Monell* discovery Plaintiff is seeking.

I. **PLAINTIFF UNDERSTANDS THE VILLAGE POLICIES AT ISSUE AND CONTENDS *MONELL* DISCOVERY IS WARRANTED**

The undisputed and uncontroverted facts, as cited in Plaintiff's Motion, show the following:

1. Mr. Prince came to the Village of Romeoville Police Department on December 21, 2018 to pick up a FOIA request and to file a complaint against a Romeoville officer;

2. Mr. Prince was not permitted to file a complaint while at the department on December 21, 2018, and by the time he left the department after his arrest, he also no longer had the documents from his FOIA request;

3. Mr. Prince's name was run for warrants while he was trying to file a complaint against a Romeoville officer on December 21, 2018, and Defendant Michienzi stalled Mr. Prince from leaving while waiting for the warrant check to be completed;

4. Outside of the department, Mr. Prince asked Defendant Michienzi if he was under arrest, and Defendant Michienzi stated "did I say you were under arrest?" After Mr. Prince confirmed he was not under arrest, he ran away from the department.

5. After a period of time, a team of at least four officers began searching for Mr. Prince after he had left the department because the officers learned Mr. Prince did have a warrant for a misdemeanor;

6. After Mr. Prince was located and brought back to the station, Defendants learned that Mr. Prince's warrant was non-extraditable, so they could not arrest him on the warrant; and

7. Defendants still charged Mr. Prince with other charges not related to the warrant.

Defendants attempt to distract the Court from these facts and damaging testimony by their witnesses relating to the Village's policies, practices, and customs of handling citizen complaints, by presenting other testimony from Jahan Nurhussein that does nothing to disprove Plaintiff's arguments. Defendants also present three "foundational legal principles" that highlight the purported impracticality of allowing *Monell* discovery. Defendants' efforts fail. Defendants' first "foundational legal principle" is that asking for someone's identification does not implicate the Fourth Amendment at all, and neither does running someone's name to confirm their identity and determine if there are outstanding warrants. Plaintiff is not seeking *Monell* discovery on his Fourth Amendment claim, just on his First Amendment claim. Additionally, these scenarios are not related to the facts of this case. Defendants' second and third "foundational legal principles" are that a pre-existing arrest warrant gives probable cause to arrest even if the warrant was discovered as a result of an unconstitutional stop, and probable cause arrest will defeat any claim of retaliatory arrest in all but the rarest circumstances. Here again, Plaintiff has never made this argument, and this argument is not relevant to Plaintiff's First Amendment Retaliation claim. If it was, and was so clear cut as Defendants claim, they certainly would have filed a summary judgment motion on this issue.

Defendants evidentially fail to understand the entire basis for Plaintiff's First Amendment Retaliation claim. Yes, the Defendants acted in a retaliatory manner by stalling Mr. Prince at the police station, running his name for warrants because he wanted to file a complaint, and hunting him down and abusing him. In addition, one of the most serious violations is the fact that after Defendants discovered that Mr. Prince's warrant was non-extraditable they did not release him as they should have, but instead still charged him with entirely fabricated charges UNRELATED to his warrant. The pre-existing arrest warrant simply cannot be the crutch Defendants lean on for charging Mr. Prince after they learned of the non-extradition of the warrant, and the Supreme Court case Defendants cite is therefore not applicable.

## II.    DEFENDANTS MISSTATE THE DISCOVERY PLAINTIFF SEEKS

Defendants claim, without support, that the discovery Plaintiff seeks is neither narrow nor confined to Plaintiff's retaliation claims. Defendants assertions are not correct. First, Defendants claim there is nothing narrow about Plaintiff's request for a Rule 30(b)(6) deposition of a Village representative, and further make the unsupported claim that this request is just a "fishing expedition." Defendants' only support for these claims is the simple conclusion that "Plaintiff has not offered to limit the subject matter of such a deposition." Plaintiff is only seeking narrowly tailored *Monell* discovery on the First Amendment Retaliation claim as is repeated numerous times in Plaintiff's Motion, but for the sake of clarity, Plaintiff confirms here that the requested Rule 30(b)(6) deposition would be limited **only** to issues related to Plaintiff's First Amendment Retaliation claim. Additionally, any purported "fishing expeditions" will be prevented by the Court's rules and oversight. Indeed, after Plaintiff sends Defendants the deposition notice, to the extent Defendants do not agree with any of the topics, the parties will meet and confer on the issue, and any remaining disputes can be quickly resolved by the Court.

Next, Defendants claim that Plaintiff's request for records related to complaints against Village officers for the last five years, and for the Village's policies and practices of internal officer discipline is not narrowly tailored. Plaintiff fails to comprehend how Defendants can make the argument with a straight face that requesting Village policies and practices, in a Section 1983 case, is "vague" and "broad" as Defendants claim. This is a fundamental request, and is narrowly tailored to exactly what policies Plaintiff is seeking. Further, given the small size of the Village of Romeoville, there is no reason to believe that records related to complaints against Village officers for the last five years would be voluminous or unduly burdensome for Defendants to gather, and Defendants have not offered sworn support for the assertion that it would be unduly burdensome. Indeed, at a minimum, Defendants should at least have a log of these incidents that is certainly not burdensome to produce. Plaintiff can only surmise that Defendants are hesitant to comply with this narrow request because the complaints that have been filed are troubling, and perhaps will reveal the very same policy, practice, and/or custom that Plaintiff alleges exists at the Village.

Despite Defendants' assertions, Plaintiff has indeed significantly narrowed the scope of the *Monell* discovery he seeks. Plaintiff certainly is not requesting the discovery just so he can "troll through all complaint files," as Defendants claim. Complaint files are intrinsically linked to Plaintiff's *Monell* claim, and that is why Plaintiff seeks these records.

### III.    THE RULE 42 FACTORS DO NOT FAVOR BIFURCATION

Defendants appear to think their best argument in favor of bifurcation is the fact that Plaintiff admittedly used some of the same arguments and cases that were previously used by Plaintiff. This is evident by the amount of Defendants' Response dedicated to this topic. Plaintiff certainly agrees with Defendants that many of the same cases were used, primarily because based on the facts and evidence now available, they are applicable and compelling. Accordingly,

Plaintiff is certainly not asking the Court to relitigate arguments it previously rejected, Plaintiff is asking the Court to apply the new and compelling facts to the cases cited throughout Plaintiff's motion.[1]  Plaintiff also notes that although Defendants seem to take issue with Plaintiff's use of some of the same cases, Defendants used numerous cases from their earlier brief in their Response.

Defendants continue to make the unsupported assertion that the case is a "straightforward credibility dispute," and Mr. Prince cannot prevail on his individual claims or *Monell* claims if the jury believes Michienzi's account, including that he gave Mr. Prince a complaint form.  That is simply not true.  Mr. Prince's *Monell* claim is a direct claim against the Village of Romeoville based on the Village of Romeoville's **own** conduct in enacting (or failing to enact) its policies, procedures, and practices relating to citizen complaints.  As previously stated, it is entirely possible that a jury could find that one or both of the defendant officers are not individually liable, while still finding that Mr. Prince's constitutional rights were violated and that the Village's policies caused the harm.

Additionally, Plaintiff again stresses that the decision to grant or deny bifurcation and separate trials should not be ordered unless clearly necessary. *See Cadle v. City of Chicago*, 2015 WL 6742070, at *1 (N.D. Ill. Nov. 2, 2015).  Here, that is not the case.  Mr. Prince has genuine interest in pursuing a judgment against the Village of Romeoville to deter future violations and help spur change.  Mr. Prince has a fundamental right to fully pursue the claims made in his Complaint.

## IV.    **CONCLUSION**

For all of the reasons set forth above, this Court should vacate its prior ruling bifurcating *Monell* discovery, and permit discovery on the *Monell* claim to proceed.

---

[1] Plaintiff also notes that this approach is in line with Judge Gettleman's request at the September 22, 2022 hearing to focus on facts identified during discovery, rather than on additional detailed citations to case law.

Dated: January 10, 2023

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Jeffrey J. Mayer*
**Jeffrey J. Mayer**
Bar No. 06194013
jeffrey.mayer@akerman.com
AKERMAN LLP
71 S. Wacker Drive, 47th Fl.
Chicago, IL 60606

**Ryan C. Krone**
Bar No. 24085750
ryan.krone@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard, Suite 2300
Houston, TX 77056
(713) 960-7394 – Telephone
(713) 960-1527 – Fax
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAQUILLE PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-7265 |
| | ) | |
| vs. | ) | Judge Robert Gettleman |
| | ) | |
| SGT. MICHIENZI #357, et al., | ) | Magistrate Judge Susan Cox |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023, I electronically filed the foregoing *PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO VACATE RULING BIFURCATING MONELL DISCOVERY,* with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which will send notice to the CM/ECF participants.

**TO:**  G. David Mathues
Michael D. Bersani
*Attorneys for Individual Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
Phone: 630-773-4774; Fax: 630-773-4851
dmathues@hcbattorneys.com
mbersani@hcbattorneys.com

Sean M. Sullivan
*Attorney for Village of Romeoville*
Del Galdo Law Group, LLC
1441 South Harlem Ave.
Berwyn, Illinois 60402
Phone: 708-222-7000; Fax: 708-222-7001
sullivan@dlglawgroup.com

By: */s/ Jeffrey J. Mayer*
**Jeffrey J. Mayer**
Bar No. 06194013
jeffrey.mayer@akerman.com
AKERMAN LLP
71 S. Wacker Drive, 47th Fl.
Chicago, IL 60606

**Ryan C. Krone**
Bar No. 24085750
ryan.krone@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard, Suite 2300
Houston, TX 77056
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF**