UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAQUILLE PRINCE, | ) |
| Plaintiff, | ) Case No. 19-cv-7265 |
| vs. | ) Judge Robert Gettleman |
| SGT. MICHIENZI #357, et al., | ) Magistrate Judge Susan Cox |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION**

Plaintiff, Shaquille Prince, by and through his counsel, moves this Court for an order directing Defendants to produce a certain witness for deposition pursuant to Fed. R. Civ. P. 26(b)(1) and 30(a). Pursuant to Local Rule 37.2, prior to filing this motion, Plaintiff's counsel attempted in good faith to resolve this discovery dispute with Defendants' counsel but was unable to do so. Accordingly, this motion is necessary to resolve the discovery issues outlined below.

**I. INTRODUCTION**

Plaintiff files this Motion to Compel asking the Court for an order directing the Defendant Village of Romeoville (the "Village") to produce ███████████████ for deposition pertaining to Defendant Michienzi. On December 19, 2022, the Village produced certain Confidential documents (the "Supplemental Production," attached as Exhibit A) to Plaintiff. This production has implications for Michienzi's veracity and general character while acting in his official capacity or in his employment generally with the Village. The Supplemental Production consists of a ███████████████

---

[1] Although ███████████ name was redacted in the Supplemental Production, Defendant Michienzi, unprompted, identified her by name as the complaining officer during his deposition. (Michienzi Second Dep. 8:10-11.) Plaintiff agrees to keep her name otherwise confidential.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Plaintiff is seeking to depose ▉▉▉▉▉▉▉▉ During the investigation, Michienzi was generally untruthful and ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

On February 24, 2023, Plaintiff filed a motion to reopen discovery and depose Defendant Michienzi, the Defendant Village, and anyone else necessary or appropriate on the contents of the Supplemental Production, as well as issue limited written discovery requests. The parties argued the motion before the court on March 9, 2023, and the court granted Plaintiff's motion to reopen discovery as to the Supplemental Production. (Dkt. 172, 176.)

Michienzi's second deposition took place on May 17, 2023, and the deposition of a corporate representative for the Village is scheduled to take place on June 30, 2023. The Supplemental Production and Michienzi's answers at the deposition leave open several questions regarding Michienzi's truthfulness during the internal investigation. A deposition of ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is a narrowly tailored and appropriate method to determine whether Michienzi was truthful under oath in the investigation. The requested deposition will not exceed one (1) hour, and will only include targeted questions related to the narrow issue of Michienzi's truthfulness during the internal investigation, and also his truthfulness in his second deposition from May 17, 2023.

## II. ARGUMENT

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (quoting Fed. R. Civ. P. 26(b)(1)); *see also* Fed. R. Civ. P. 30(a) (providing that the court must

grant leave to depose "any person" to the extent consistent with Rule 26(b)). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Parvatti Corp. v. City of Oak Forest*, 2010 WL 2836739, at *1 (N.D. Ill. July 19, 2010).

Defendant Michienzi deprived Plaintiff of his freedom of speech and property and then accused him of lying when Plaintiff complained about his treatment. The Defendant Village has subsequently supported Michienzi's account of events and potentially covered up Michienzi's deception. Consequently, and as established in Plaintiff's successful Motion to Reopen Discovery, Michienzi's veracity and character for truthfulness will play a key role in Plaintiff and Defendants' cases. Furthermore, Michienzi's conduct raised in the Supplemental Production will be admissible at trial through Rule 608(b), as it is a specific instance of a witness' conduct that is probative of his character for truthfulness. Fed. R. Evid. 608. *Kaufman v. City of Chicago*, 2021 WL 1885985 (N.D. Ill. May 11, 2021); *see also Battle v. O'Shaughnessy*, 2012 WL 4754747, at *3-4. Consequently, Michienzi's character for truthfulness is relevant and an appropriate subject of discovery.

Plaintiff should be able to fully consider the extent of Michienzi's deception and its implications for the case through more than just the opinions of biased parties to this case. The most direct evidence of Michienzi's truthfulness in the internal investigation is the testimony of ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ Michienzi, who the Village calls untruthful, and the Village, who calls our client untruthful, should not be the only filters for information about the incident.

Michienzi maintained during his second deposition that he told the truth at all times during his internal investigation, yet his testimony contradicted prior statements to the Chief of Police, third party statements by other officers, and ▅▅▅▅▅▅▅▅ statements during the internal

3

investigation.  *Compare* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Testimony from ▮▮▮▮▮▮▮▮ is necessary to properly evaluate Michienzi's testimony, and may help a jury assess Michienzi's truthfulness and character. Plaintiff believes that his rights were violated by a corrupt police department, and he should have the fullest opportunity to determine the truthfulness and character from a neutral party who has directly witnessed Michienzi's character.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel and enter an Order compelling Defendants to produce ▮▮▮▮▮▮ for deposition, or, if ▮▮▮▮▮▮▮▮ deposition is not granted, find that Defendant Michienzi should not be able to deny the allegations against him at trial.

Respectfully submitted,

**AKERMAN LLP**

By: *<u>/s/ Ryan Krone</u>*
**Jeffrey J. Mayer**
Bar No. 06194013
**Megan P. Hussey**
Bar No. 6339132
jeffrey.mayer@akerman.com
megan.hussey@akerman.com
AKERMAN LLP
71 S. Wacker Drive, 47th Fl.
Chicago, IL 60606

**Ryan C. Krone**
Bar No. 24085750
ryan.krone@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard, Suite 2300
Houston, TX 77056
(713) 960-7394 – Telephone
(713) 960-1527 – Fax
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHAQUILLE PRINCE,   )<br>  )<br>       Plaintiff,   )<br>  )<br>vs.    )<br>  )<br>SGT. MICHIENZI #357, et al.,  )<br>  )<br>       Defendants.   ) | Case No. 19-cv-7265<br><br>Judge Robert Gettleman<br><br>Magistrate Judge Susan Cox |

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 14, 2023, I electronically filed the foregoing **PLAINTIFF'S MOTION TO COMPEL,** with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which will send notice to the CM/ECF participants.

**TO:** G. David Mathues
   Michael D. Bersani
   *Attorneys for Individual Defendants*
   HERVAS, CONDON & BERSANI, P.C.
   333 Pierce Road, Suite 195
   Itasca, Illinois 60143-3156
   Phone: 630-773-4774; Fax: 630-773-4851
   dmathues@hcbattorneys.com
   mbersani@hcbattorneys.com

   Sean M. Sullivan
   *Attorney for Village of Romeoville*
   Del Galdo Law Group, LLC
   1441 South Harlem Ave.
   Berwyn, Illinois 60402
   Phone: 708-222-7000; Fax: 708-222-7001
   sullivan@dlglawgroup.com

          By: */s/ Megan P. Hussey*
          **Jeffrey J. Mayer**
          Bar No. 06194013
          **Megan P. Hussey**
          Bar No. 6339132
          jeffrey.mayer@akerman.com
          megan.hussey@akerman.com
          AKERMAN LLP

6

71 S. Wacker Drive, 47th Fl.
Chicago, IL 60606

**Ryan C. Krone**
Bar No. 24085750
ryan.krone@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard, Suite 2300
Houston, TX 77056
*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A
## (filed under seal)

# EXHIBIT B
## (filed under seal)