FILED
2/23/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JXM

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Shaquille Prince,                                                             Case No. 19CV7265
Plaintiff,
v.
Sgt. Michienzi et al.
Defendants.

## Motion to Reconsider Attorney Withdrawal

Now Comes Plaintiff, Shaquille Prince, motions for this Court to reconsider the order allowing plaintiff's counsel to withdraw, and states the following in support:

In civil case 19CV7265, pending in the ND of IL, the complained of attorneys represent(ed) defendants the Village of Romeoville and/or former Sgt.Michael Michienzi and the Akerman attorneys represented the plaintiff. The attorneys in this case were not only dishonest for years, but also unethically and strategically withheld from the court and plaintiff several damaging records and facts related to the civil case. The attorneys withheld these records for around 6-7months, (these facts were withheld even months after Michienzi was fired). The attorneys withheld the fact that #1 there was an open investigation against Sgt.Michienzi, and #2 the fact that he was ultimately found to be dishonest several times in these investigations, and #3 he was fired due to several occasions of dishonesty and sustained complaints and #4 he was placed on the Brady/Giglio list, directly affecting his ability to testify truthfully in court( the attorneys withheld this information because they knew that they would have to make the court aware that he was found to be dishonest in investigations multiple times, among other damaging details). Michael Michienzi has been the subject of multiple false arrest/excessive force civil cases and multiple sustained complaints, even from subordinate officers. Sgt.Michienzi denies wrongdoing in every case/complaint.

### BACKGROUND OF CIVIL CASE

In the pending civil case, 19CV7265, Plaintiff went to the Romeoville Police Department to retrieve FOIA results which would show the Plaintiff being choked by officers that Sgt.Michienzi had trained/knew, while Plaintiff was handcuffed in a police car in front of his own home, and to file a complaint against officers that Sgt.Michienzi knew. Michienzi refused to take the complaint and proceeded to hold Plaintiff at gunpoint, threatening to shoot him, hurling racial slurs at the plaintiff, strip-search and beat him even though Plaintiff was unarmed and peaceful. Michienzi then proceeded to steal his phones and mark them as "lost" in his police report to cover up his wrongdoing, even though he admits to taking them into his possession post arrest and plaintiff has never gotten the phones returned to him to this day, but was fortunately able to recover some video from iCloud. All "resisting" charges etc. that Michienzi conjured up were dismissed in Plaintiff's favor. Michienzi denies all allegations of wrongdoing.

The Village of Romeoville failed the general public and it's own employees by keeping Michienzi employed after several complaints from it's own Romeoville PD officers, several lawsuits and paying settlements to cover his misconduct up and attempted to settle my case without disclosing the fact that Michienzi had actually been terminated months ago, hoping that I would be selfish and accept their settlement offers. The investigation/termination records that each of the complained attorneys strategically withheld from the court and plaintiff reveal that the Village of Romeoville was an enabler for Michienzi as he continued to rack up complaints not only from citizens, but also fellow officers including sustained complaints of sexual harassment to subordinate female officers and complaints that other subordinate officers felt "bullied" by Michienzi to file false reports and statements in his favor. These records also reveal that the Chief of Police himself even gave a statement that he knew Michienzi was being dishonest during his investigation based on their own personal conversations.

Each of the listed attorneys conspired together to cover up Sgt.Michienzi's misconduct records and hoped that I would accept a settlement so that they would never have to reveal to me or the court that Michienzi was fired and found to be dishonest, and placed on a Brady/Giglio list etc.

To my understanding, the investigation of Michienzi was initiated in or about May of 2022 and concluded around July of 2022. Each of the complained of attorneys knew and strategically did not reveal any of these records or facts until December of 2022. Shortly after Michienzi's investigation began, the Akerman attorneys strategically went to Judge Gettleman with opposing counsel and requested a settlement conference, lying to the judge and telling him that I wanted to potentially settle the case. Judge Gettleman ordered a settlement conference for October of 2022 after being lied to by the Akerman attorneys. The Akerman attorneys then lied to me and told me that the Judge ordered a settlement conference in October of 2022, and that I had to go because it was court ordered. I advised that I filed this lawsuit to bring the defendants to justice and unveil police misconduct and will never settle this case regardless of the monetary offer, and that our time would be better used preparing for the inevitable trial. The Akerman attorneys threatened to withdraw if I would not go to the settlement conference. The settlement conference was held in September of 2022. The complained of attorneys only disclosed the records several months after I continued to refuse settlement, in December 2022.

The attorneys in this case hoped that I would accept a settlement so that they would not have to reveal the aforementioned records that show Michienzi was yet again found to be dishonest multiple times and sustained further complaints while on a "second chance" probation due to previous sustained complaints.

After discovering the aforementioned dishonesty from the defendants, Honorable Judge Susan Cox rebuked the Village of Romeoville for its dishonesty and remarked that Romeoville had "wasted" the court's time and that if defendant Michienzi continues to be dishonest, she will refer him to a prosecutor for federal prosecution. However, the Honorable Mrs.Cox has now retired and the attorneys and defendants' misconduct have only grown worse.

I have never requested or wanted a settlement nor a settlement conference. I made it clear from the first time meeting the Akerman attorneys that I will not settle the case under any circumstance regardless of what was offered, and I repeated this every time settlement was brought up.

### AKERMAN ATTORNEYS REFUSED TO DECLINE SETTLEMENT

In November 2023, the defendants offered a 200k settlement and a condition was that I will not be getting any of the injunctive relief that I requested and I must drop those demands. Within an hour of attorney Krone forwarding the 200k settlement offer, I respectfully responded that I will not settle the case regardless of the amount that is offered and that I do not wish to discuss settlement. Attorney Krone pushed that I had to speak to them regarding the settlement because it was a "large offer". I made it clear that I will not settle and do not want to discuss settlement, but that I wanted to work on the pre-trial order. Mr.Krone then pushed again stating that we had to speak about it. I asked that we speak about the pre-trial order that he stated he would send me over a month ago. All of the Akerman attorneys then collectively ignored my emails for several weeks. For months, the Akerman attorneys blatantly refused to inform the judge and opposing counsel that I declined settlement, and even lied to the judge and told him that I was ignoring them. The Akerman attorneys manufactured these lies about me to the judge to not only secure another continuance until March ( for opposing counsel), but also to manipulate the Judge and make him believe that I was disrespectfully ignoring my court-appoined counsel so that the Judge would then have another reason to grant their motion to withdraw that they would soon file.

### Akerman Attorneys Lie to the Judge

In December 2023, I sent several unanswered emails to Attorneys Krone, Hussey and Mayer requesting that they send me any and all court orders since October. Attorneys Krone and Hussey blatantly ignored me and refused to respond while attorney Mayer lied to myself and the Court. Mr.Mayer advised that because I had been "ignoring" them, the court dates had been pushed back and that no court orders since October exist.  This was false, there had been several court orders for unopposed continuances and motions filed since October and the Akerman attorneys collectively ignored me and helped the defense attorneys secure "unopposed" continuances for months as they had already been doing for years, by lying to myself and the Court. Several weeks after I told the Akerman attorneys to tell the opposing counsel would also go on to tell Judge Gettleman that I had been ignoring them and that I would not give them a response to the settlement offer, (even though I had already told them no an hour after it was sent to me).

In furtherance of their conspiracy with opposing counsel to sabotage this case, the Akerman attorneys told me that we will not be asking for any of the injunctive relief that they helped me create over a year ago. The Akerman attorneys hoped that I would just accept a settlement and once they realized that trial was the next step, they did everything in their power to try to force

me to drop my demand for injunctive relief, which is exactly what opposing counsel demanded not long ago in their 200k settlement offer.

In furtherance of their conspiracy with opposing counsel to sabotage and delay this case as much as possible, the Akerman attorneys refused to send me any pre-trial motions for several months and ultimately never did. In December 2023, the Akerman attorneys lied to me and told me that we would be having a call to discuss the pre-trial motions that they falsely advised that they would send me in October. During the hour-long call that was supposed to be discussing pre-trial motions, Attorney Mayer did nothing but hound me and push settlement for 95% of the call and blatantly told me that he will withdraw because I would not accept settlement, and then instructed Mr.Krone to "file the motion to withdraw", which he did, a few weeks later. In the motion to withdraw, the Akerman attorneys state a bunch of false boilerplate allegations just to get the Judge to grant the motion.

In January of 2023, at 1PM, the Akerman attorneys filed the motion to withdraw and it was granted two hours later, at 3PM, without a hearing or opportunity to contest/answer their false allegations. Within two hours of the motion being filed, the Judge accepted their allegations as true without a hearing and granted it and re-assigned the case to a different Judge.

### FORCED SETTLEMENT CONFERENCE

During the settlement conference in September of 2022, while speaking to the attorneys in a private video room, I told my attorneys that I did not want to settle the case because I wanted to obtain a jury verdict and have the defendants found liable and expose their corrupt police misconduct. Attorney Ryan Krone advised that he would just tell the judge that I did not want to settle because I did not feel they were offering enough money, (Mr.Krone wanted to speak to the judge and make it about monetary gain so that I would not expose the fact that I never asked for the settlement and that he had lied to the judge and I in order to get a settlement conference in the first place.) Mr.Krone then went on to lie to Judge Susan E. Cox and told her that I wanted to cancel the settlement because the offer wasn't high enough. I later spoke up and told Judge Cox that I was not willing to settle the case because I wanted to hold them liable and expose what was going on at the RPD. Judge Cox told me that I should not settle because it is obvious that the officers were just looking for a reason to arrest me and encouraged me to hold them accountable.

I asked the Akerman attorneys to object to any and all continuances by opposing counsel as they were only using continuances strategically in an attempt to tire me out in hopes of me accepting a settlement. The Akerman attorneys agreed/ were "unopposed" to years of continuances requested by opposing counsel, and never once objected to a continuance, even though I requested that they object to all of them.

The pending civil complaint contains an IIED (Intentional Infliction of Emotional Distress) claim. I asked the attorneys to retain an expert witness to testify at trial and determine the total cost of counseling and medication. Attorney John Mayer advised that there is no such thing, and that

expert witnesses do not do that. I insisted, and Mr.Mayer told me that he would bring it up to the judge at trial(which he never did, Mr.Mayer just hoped that I would forget about it). About a year later, I brung this up again and Mr.Mayer told me that the time had passed and it was too late for expert witnesses and I asked him to file a motion to retain an expert witness. The attorneys filed a motion to withdraw after I asked them why they never attempted to contact my counselors from jail and never attempted to get an expert witness to determine costs of past and future counseling and medication.

With actual and constructive knowledge of all of the aforementioned, the Akerman attorneys failed to report any of this and attorney Mayer covered for the opposing counsel, telling me not to file an ARDC complaint about opposing counsel withholding the investigations against Michienzi because "it is normal" for attorneys not to report things to the court or delay it.

The Akerman attorneys refused to file a motion to depose, question/list as witnesses the whistleblower officers that reported that they felt "bullied" by Michienzi into filing false reports in his favor and the Akerman attorneys threatened to withdraw after I asked them to. The Akerman attorneys stated that they would call them at trial and then refused to do so. The Akerman attorneys lied to me and advised that they would tell me the effect of Sgt.Michienzi being placed on the Brady/Giglio list and still never have to this day.

The Akerman attorneys would threaten to withdraw as counsel or state that they are withdrawing almost anytime that I requested that they file a motion which would aid proving my claims, such as but not limited to the following. The Akerman attorneys did this in furtherance of their conspiracy with opposing counsel and the Police Department, to prevent misconduct records from being exposed at court, and to prevent me from having a fair and honest trial exposing police misconduct. I requested that the Akerman attorneys file a motion to depose the whistleblower officers that came forward stating that Sgt.Michienzi "bullied" them into filing false reports in his favor. The Akerman attorneys refused to include a false imprisonment claim so that I would be compensated for the months that I spent in custody and threatened to withdraw if I wanted them to include it in the complaint.

The Akerman attorneys attempted to get me to accept settlement by telling me several false things, including that I had "no counseling" for my IIED claim so that I would not be able to prove anything. This was not true, I received counseling while I was in custody, seeing multiple counselors for several months and continued counseling after my release. We even had a deposition done of a counselor that I saw out-of-custody, so the Akerman attorneys were just sending an disrespectful email, lying to me, hoping that I would accept settlement.

Each listed attorney has worked to cover up the video and audio that the Police Department destroyed. The Akerman attorneys refused to mention to the judge or mention *all* of the video and audio that was destroyed in the face of discovery orders in the criminal case. There is booking video from the night of the arrest wherein Michienzi lies multiple times and says that he did not pull his gun and call me a "MFer" etc. but years later, admits to some of these things in

the civil case after the criminal case was dismissed in my favor. All of the listed attorneys worked to keep these records away from myself and the court. These records exist, I have seen them and they were never produced by defense counsel in this lawsuit, and the Akerman attorneys have conspired with opposing counsel to water down this civil case and cover up police misconduct. Attorney Mayer told me that "there is nothing that we can do" if opposing counsel says these videos do not exist.

In furtherance of their conspiracy to dismantle my lawsuit and attack my character, the Akerman attorneys told me that they wanted to claim that I had a lifetime disability due to Michienzi's actions. This was not true and they only wanted to make that claim so that I seem like a money-hungry liar and make the jury question the validity of my other claims.

Sgt.Michienzi has attempted to kill me for trying to file a complaint, so out of fear for my life and further retaliation, I am asking that measures be taken to shield my address and contact information on this complaint. With knowledge of the aforementioned, the Akerman attorneys lied to me and advised over a year ago that they would file a motion to shield my address and personal information from the defendants in the civil case and they never did. If my address is necessary I would request that a follow up email is sent to me and I will provide it to the Court. I am asking that this court enter an order granting substitute counsel for the Plaintiff and any other relief this Court deems neccessary, thank you.

This complaint is against each of the following (8) attorneys.
Opposing Counsel representing Michienzi et al.:

(1) Attorneys Glenn David Mathues and (2) Michael D. Bersani of
Hervas, Condon & Bersani, P.C.
(630) 773-4774
333 West Pierce Road Suite 195 Itasca, IL 60143

Attorneys (3) Sean Michael Sullivan and (4) K. Austin Zimmer of
 Delgado Law Group
1441 S Harlem Ave, Berwyn, IL 60402
(708) 222-7000

(5) Andre Antonio Sutton of
O'Hagan Meyer Law Office
1 E Wacker Dr Suite 3400, Chicago, IL 60601
(312) 422-6100

Akerman LLP (Court- Appointed) Attorneys:
71 S Wacker Dr 47th floor, Chicago, IL 60606 (312) 634-5700
(6) Jeffrey J. Mayer, (7) Ryan Christopher Krone, (8) Meghan Philippa Hussey

   -   Shaquille Prince

*Shaquille Prince*