UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAQUILLE PRINCE, | ) |
| Plaintiff, | ) ) ) Case No. 19-cv-7265 |
| vs. | ) ) Hon. Franklin U. Valderrama |
| SGT. MICHIENZI #357, et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS' STATUS REPORT**

    The Defendants submit this status report pursuant to this Court's Order of February 6, 2024, issued shortly after this case was reassigned to this Court from Judge Gettleman. (Dkt. # 210) The Defendants fully understand that this Court requested a *joint* status report. But despite their best efforts, counsel have been unable to communicate with Plaintiff, Mr. Prince.

    This is not for lack of trying. Defense counsel sent a certified letter to Mr. Prince at the only address they have for him. A copy is attached as Exhibit A. Counsel also provided a copy of that letter to Mr. Prince's recruited counsel in another case, where Prince has also sued the Village of Romeoville. (*See Prince v. Garcia, et al.*, No. 22-cv-5703 (N.D. Ill.) Prince's counsel in that case stated that he would pass the letter to Mr. Prince. Defense counsel also asked Prince's prior recruited counsel in this case for contact information but received no response.[1]

    Despite these efforts, and despite the fact that defense counsel's contact information is available on their pleadings, there has been no contact from Mr. Prince. Defense counsel have chosen to submit their own report, on the theory that submitting their own report comes closer to following the Court's order than submitting no report at all.

    **I.    Claims and Defenses.**

    This federal civil rights suit arises out of Plaintiff's arrest on December 21, 2018 at the Village of Romeoville police department. The defendants are the Village, former Village sergeant Michael Michienzi, and current Village detective Thomas Dorsey.

    The operative complaint is the Second Amended Complaint, filed on August 5, 2021, by Plaintiff's second set of recruited counsel, from Akerman LLP. (Dkt. # 105) The counts alleged are as follows:

---

[1] Defense counsel do not mean to suggest this silence was improper or in violation of any court order. The former recruited counsel were no doubt following their client's instructions.

- Count I, excessive force pursuant to the 4th Amendment and § 1983
- Count II, battery pursuant to Illinois law
- Count III, unlawful search, pursuant to the 4th Amendment and § 1983
- Count IV, failure to intervene, pursuant to the 4th Amendment and § 1983
- Count V, 1st Amendment retaliation, pursuant to the 1st Amendment and § 1983
- Count VI, conversion, pursuant to Illinois law
- Count VII, malicious prosecution, pursuant to Illinois law
- Count VIII, intentional infliction of emotional distress, pursuant to Illinois law
- Count IX, *Monell* claim against the Village pursuant to § 1983

The individual defendants have asserted the defense of qualified immunity to the federal constitutional claims, and all defendants have asserted defenses under the Illinois Local Government and Local Governmental Employees Tort Immunity Act to the state law claims. (*See* Dkt. # 106, Answer) But the defendants' primary defense is simply that the events Mr. Prince alleges simply did not happen. In other words, there are numerous disputed facts.

## II. Substantive Rulings to Date.

None. Prince's former recruited counsel vigorously litigated this matter on his behalf. Thus, there have been numerous discovery rulings, ranging from motions to compel, to reopen discovery, and to bifurcate the *Monell* claim and then reconsider bifurcation. But none of these rulings addressed the merits.

The defendants will not be filing summary judgment.

## III. Consent to a Magistrate Judge.

The defendants do not consent to a magistrate judge.

## IV. Jury Demand.

Yes.

## V. Estimated Length of Trial.

The Defendants estimate a trial length of 4-5 days. But it could be closer to the 2-3 days the parties initially estimated when Plaintiff was represented by his first set of recruited counsel, from Reed Smith LLP, depending on rulings in motions in limine, and how Plaintiff attempts to prove his case. (*See* Dkt. # 25, JSR, 05/18/20)

**VI.    Expected Number of Witnesses.**

Approximately ten, although this could drop depending on motions in limine.

**VII.   Status of Settlement Discussions.**

There have been settlement discussions at three different times during this case, but none of those discussions were successful.

- The parties held a settlement conference before then-Magistrate Judge Cox in September of 2022. They did not settle. (*See* Dkt. # 145, Minute Entry, 09/15/22)

- The Defendants made an offer of judgment in December 2022, for a specific sum, plus reasonable attorney fees. That offer was not accepted.

- Third, shortly before the pretrial order was due, Defendants received additional settlement authority and made an updated and significant settlement offer to Plaintiff. (Dkt. # 201, 11/27/23) Plaintiff did not respond to that offer, and recruited counsel who represented Plaintiff at that time have since withdrawn. (*See* Dkt. # 206, # 208)

The settlement offer extended in November 2023 was withdrawn earlier this month, and there have been no further discussions.

Respectfully submitted,

/s/ G. David Mathues
Michael D. Bersani, Atty. Bar No. 06200897
G. David. Mathues, Atty. Bar No. 6293314
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774; Fax: 630-773-4851
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com
*Attorneys for Defendants Michienzi & Dorsey*

/s/ Sean M. Sullivan
Sean M. Sullivan
DEL GALDO LAW GROUP, LLC
1441 South Harlem Avenue
Berwyn, IL 60402
sullivan@dlglawgroup.com
*Attorney for Defendant Village of Romeoville*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAQUILLE PRINCE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SGT. MICHIENZI #357, et al., )<br>)<br>Defendants. ) | Case No. 19-cv-7265<br><br>Hon. Franklin U. Valderrama |

### CERTIFICATE OF SERVICE

I hereby certify that on **February 28, 2024**, I electronically filed the foregoing ***Defendants' Status Report***, with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which will send notice to the CM/ECF participants, and I hereby certify that I have mailed with the United States Postal Service the aforementioned document to the following individual:

**TO:** Shaquille Prince
50 Center Avenue
Wheeling, IL 60090
*Last Known Address*

Sean M. Sullivan
DEL GALDO LAW GROUP, LLC
1441 South Harlem Avenue
Berwyn, IL 60402
sullivan@dlglawgroup.com

s/ G. David Mathues
Michael D. Bersani, Atty. Bar No. 06200897
G. David. Mathues, Atty. Bar No. 06293314
*Attorneys for Defendants Michienzi & Dorsey*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

4

68527943;1