UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAQUILLE PRINCE, | ) |
| | ) |
| Plaintiff, | ) Case No. 19-cv-7265 |
| | ) |
| vs. | ) Hon. Franklin U. Valderrama |
| | ) |
| SGT. MICHIENZI #357, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE
## TO PLAINTIFF'S MOTION TO RECONSIDER ATTORNEY WITHDRAW

### INTRODUCTION

Shaquille Prince's imprudent filing, which he styles as a "Motion to Reconsider Attorney Withdraw," does three things. (Dkt. # 221, 02/23/24) It waives his attorney client privilege by giving detailed accounts of communications with his former recruited counsel. It risks sanctions by disclosing confidential settlement communication in violation of Magistrate Judge Cox's orders. And, it utterly fails to justify Prince's demand for more free legal representation.

### ARGUEMENT

Shaquille Prince has every right to litigate his case as he sees fit, so long as he follows the applicable court rules. This includes the right to reject any settlement offer. But he does not have the right to an endless series of freely recruited lawyers. He should not get any more.

Prince filed his complaint on November 4, 2019. (Dkt. # 1) He was given recruited counsel from Reed Smith LLP on December 11, 2019. (Dkt. # 7) After representing Prince for about a year and billing just under 270 hours, that counsel moved to withdraw due to a "broken" attorney / client relationship on October 12, 2020. (Dkt. # 54, Motion, p. 6) Much of that motion

was filed under seal and is redacted. *See id.* Judge Gettleman, to whom the case was assigned, held an extended hearing with Prince and his recruited counsel from Reed Smith on November 18, 2020. (Dkt. # 62) Most of that hearing was *ex parte*, but before defense counsel left the remote hearing, Judge Gettleman told Prince that if he could not work out his relationship with current recruited counsel, the court was not going to appoint another set of lawyers, and Prince said he understood. (*See id*) Defense counsel does not know what was said during the remainder of the hearing, but the motion to withdraw was granted.

Within a week, Prince began pestering Judge Gettleman with requests to appoint new counsel. (Dkt. # 63, Prince's Application to Appoint Counsel, 11/25/20) The first request was denied "for the reasons discussed at the hearing on 11/18/20." (Dkt. # 64, Order, 12/4/20) Prince sent two more "letters" to Judge Gettleman in the next month, addressing, among other things, recruitment of counsel. (Dkt. ## 70, Letter, 12/18/20; Dkt. # 71, Letter, 12/29/20) Prince sent yet another such letter two months later, saying he wished to appeal the recruitment of counsel, and Judge Gettleman allowed the appeal. (Dkt. # 77, Letter, 02/22/20; Dkt. # 78, Order, 03/01/21) Prince still was not done. He sent his fifth letter seeking counsel a month later. (Dkt. # 91, Letter, 03/30/21)

Judge Gettleman, perhaps in exasperation, then relented and recruited a new set of attorneys on April 8, 2021. (Dkt. # 93, Order) These were the Akerman attorneys, who represented Prince until they were recently allowed to withdraw. (*See* Dkt. # 207, Minute Entry, 01/26/24) The same order made clear that the Court would not give Prince yet another set of attorneys. (*Id.*) The case was then transferred to this Court, which directed that a joint status report be filed on or before February 28, 2024. (Dkt. # 210, Order)

Before turning to Prince's most recent filing, it is essential to see that Prince's conduct in this case is part of a broader pattern. He filed a pro se lawsuit against several police departments and jurisdictions in *Prince v. Arendt et al.*, 20-cv-5847 (N.D. Ill.), which was assigned to Judge Kness. Judge Kness recruited counsel for Prince from K & L Gates, and then from Querry & Harrow, each of whom withdrew for reasons unrelated to disagreements with Prince. (*See id.* Dkts. ## 6, 12–16) Counsel was then recruited from Sidley Austin. (Dkt. # 19, Minute Order, 03/10/21) That counsel litigated the case for a little over a year.

But then Prince, filed, in his own name, a motion with the court seeking to add claims which his recruited counsel declined to add. (Dkt. # 55, Motion, 08/10/22) Judge Kness made clear to Prince that he could represent himself, or act through his attorneys, but not both, and scheduled a hearing. (Dkt. # 56, Minute Entry, 08/15/22) At the hearing it became "clear that the attorney-client relationship has broken down irretrievably and that fundamental strategic differences exist between lawyer and client." (Dkt. # 62, Minute Entry, 09/08/22) The recruited counsel from Sidley Austin were allowed to withdraw and "sincerely thank[ed]" for their service, and Prince was emphatically told that he "is not entitled to a free lawyer of his choosing to serve as an unquestioning executor of [his] decisions," and would therefore be required to represent himself with no further recruitment of counsel. (*See id.*)

Prince, true to form, waited less than a month before asking for new recruited counsel. (Dkt. # 68, Plaintiff's Motion, 10/6/22) And, a month after that, he sent still another request. (Dkt. # 71, Plaintiff's Motion, 11/4/22) Judge Kness refused, noting that Prince refused to follow the advice of the free lawyer he was initially given, and "it would be unwise to gamble with the

limited pool of those resources where a plaintiff has already shown that he trusts his own legal views more than those of appointed counsel." (Dkt. # 72, Order, 11/09/22)

So too here. It is pellucidly clear that Prince trusts his own views more than those of veteran attorneys from the two top-tier firms which were recruited to represent him. It is equally clear that Prince believes he can count on the courts to keep giving him new free lawyers, and that he can send *ex parte* communications to the court with impunity.

Worse, Prince has launched a scurrilous attack on the attorneys from Akerman, who aggressively represented him for several years and likely expended hundreds of hours on his behalf. Prince says those attorneys "conspire[ed] with opposing counsel to sabotage his case," but the docket sheet shows defense counsel and Prince's counsel engaged in extremely aggressive litigation. Even a brief review of the opposing sides filings, the tone used, and the positions taken, demonstrate this fact. Prince's accusations of a conspiracy between the lawyers is no more truthful than his account of the underlying facts to this lawsuit.[1]

There's one more thing. Shaquille Prince has filed complaints with the Illinois ARDC against *all* counsel in this case. This will likely be the subject of a forthcoming motion. For now, the Court should be aware of this fact as probative in its decision of whether to grant Mr. Prince's motion, or seriously contemplate giving him a third set of free lawyers.

---

[1] This motion will not otherwise respond to Prince's collection of half-truths and distortions about the facts, because this is not the proper time vehicle. It suffices to remind the Court that there are multiple sides to every story.

## CONCLUSION

Thus, for the reasons above, the Defendants respectfully ask that this Court DENY Plaintiff's motion styled as a "Motion to Reconsider Attorney Withdraw," and to hold Prince accountable by refusing to appoint him another lawyer, now or in the future.

Respectfully submitted,

**s/G. David Mathues**
MICHAEL D. BERSANI, # 06200897
G. DAVID MATHUES, # 06293314
*Attorneys for Michenzi and Dorsey*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156 P: 630-773-4774
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

**/s/ Sean M. Sullivan**
Sean M. Sullivan
*Attorney for Village of Romeoville*
Del Galdo Law Group LLC
1441 South Harlem Avenue
Berwyn, IL 60402
sullivan@dlglawgroup.com
P: 708/222-7000; F: 708/222-7001

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHAQUILLE PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-7265 |
| | ) | |
| vs. | ) | Judge Robert Gettleman |
| | ) | |
| SGT. MICHIENZI #357, et al., | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on February 28, 2024, I electronically filed the foregoing ***Defendants' Response to Plaintiff's Motion to Reconsider Attorney Withdraw,*** with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which will send notice to the CM/ECF participants, and I hereby certify that I have mailed with the United States Postal Service the aforementioned document to the following individual:

**TO:** Shaquille Prince        Sean M. Sullivan
    50 Center Avenue       DEL GALDO LAW GROUP, LLC
    Wheeling, IL 60090       1441 South Harlem Avenue
    *Last Known Address*      Berwyn, IL 60402
                   sullivan@dlglawgroup.com

                 **s/ G. David Mathues**
                 Michael D. Bersani, Atty. Bar No. 06200897
                 G. David. Mathues, Atty. Bar No. 06293314
                 *Attorneys for Defendants Michienzi & Dorsey*
                 HERVAS, CONDON & BERSANI, P.C.
                 333 Pierce Road, Suite 195
                 Itasca, Illinois 60143-3156
                 mbersani@hcbattorneys.com
                 dmathues@hcbattorneys.com